UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRENDAN MCCARTHY,<br><br>    Plaintiff,<br><br>v.<br><br>FSH BOYLSTON, INC.,<br><br>    Defendant. | 1:18-CV-10573-GAO |

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, Plaintiff Brendan McCarthy (hereafter, "Plaintiff") seeks discovery of confidential, proprietary and trade secret documents and information from FSH Boylston, Inc. ("FSH") regarding certain of FSH's internal policies and practices ("Confidential Information");

and

WHEREAS, FSH requires protection against the unrestricted disclosure and use of such Confidential Information;

THEREFORE, it is agreed that:

1

1. This Confidentiality Agreement and Protective Order shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, answers to interrogatories, deposition testimony, and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by FSH or any other party or third-party.

2. A party shall indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony or any other oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement at the time such testimony or oral information is given or conveyed. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" within thirty days (30) days of receipt of the transcript of said testimony;

3. Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case. All Confidential Information must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record

Confidential Information for any purpose other than the preparation or conduct of this case.

4. All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any appeals or retrials, and not for any other purpose(s). Under no circumstances shall Confidential Information be disclosed to anyone other than the persons designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation. Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of FSH, whether for the purposes of this litigation or otherwise.

5. Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Confidentiality Agreement in its entirety; and, (b) agree to all provisions of this Confidentiality Agreement.

6. All depositions, pleadings and reports in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and shall be subject to this Agreement. Should a party use any Confidential Information in any pleading filed with the Court, that party shall, at the time of filing, request that the court impound the specific portion of the pleading containing the Confidential Information.

7. Upon final termination of this litigation, each person subject to this Confidentiality Agreement shall return all Confidential Information to counsel for FSH

within thirty (30) days after the final disposition of this matter. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed.

8.  The disclosure of any Confidential Information by FSH shall not serve to waive any of the protections provided by this Confidentiality Agreement with respect to any other Confidential Information.

9.  No person who has received Confidential Information shall seek to vacate or otherwise modify this Agreement at any time.

10. Nothing in this Confidentiality Agreement shall restrict FSH's right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts, or to seek an agreement preventing disclosure or limiting the discovery of Confidential Information, or to seek an agreement preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Confidentiality Agreement.

This Confidentiality Agreement is entered into with the assent of both parties.

| | |
|---|---|
| DEFENDANT, FHS Boylston, Inc., | PLAINTIFF, Brendan McCarthy, |
| By its Attorneys, | By his Attorneys, |
| COUGHLIN BETKE, LLP | SUGARMAN AND SUGARMAN, P.C. |

/s/ Andrew R. Ferguson
Christopher G. Betke, Esq. – BBO# 552588
cbetke@coughlinbetke.com
Andrew R. Ferguson, Esq. – BBO# 649301
aferguson@coughlinbetke.com
Mario D. Nimock, Esq. – BBO# 687627
mnimock@coughlinbetke.com
175 Federal Street
Boston, MA 0210
(617) 988-8050

/s/ Stacey L. Pietrowicz
Stacey L. Pietrowicz, Esq. – BBO# 672395
spietrowicz@sugarman.com
Rosa M. Guambana Esq. – BBO# 697952
rguambana@sugarman.com
The Prudential Tower
800 Boylston Street, 30th Floor
Boston, MA 02199
(617) 542-1000

SO ORDERED: this __23rd__ day of __January__, 201_9_.

By the Court: /s/ George A. O'Toole, Jr.
Hon. George A. O'Toole, Jr.